NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RENÉ D. EDWARDS,

        Plaintiff,

   v.

THE HILLMAN GROUP, INC. a/k/a THE
HILLMAN GROUP CO. *et al.*,

        Defendants.

Civ. No. 19-22214

**OPINION**

THOMPSON, U.S.D.J.

## **INTRODUCTION**

This matter comes before the Court upon the Motion to Dismiss filed by Defendant The Hillman Group, Inc. ("Hillman Group"). (ECF No. 7.) The Court has decided the Motion based on the written submissions of the parties and without oral argument, pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Defendant Hillman Group's Motion to Dismiss is granted and the Complaint is dismissed in its entirety.

## **BACKGROUND**

**I.   Previous Lawsuits**

This case is brought under 42 U.S.C. § 1983 and 18 U.S.C. §§ 241 and 242. Most of Plaintiff's allegations are repeated verbatim from Plaintiff's previous lawsuits.

In 2013, Plaintiff René D. Edwards ("Plaintiff") filed a § 1983 action against several defendants, including the Commissioner of the New Jersey Department of Corrections, Defendant Lt. Joel Taylor, and Defendant Warden Christopher Holmes, for injuries that Plaintiff

1

sustained while incarcerated at South Woods State Prison. *See Edwards v. Lanigan*, 2018 WL 1981473, at *1–2 (D.N.J. Apr. 27, 2018) (hereinafter *Edwards I*). On April 27, 2018, Hon. Noel L. Hillman granted the defendants' motion for summary judgment. *Id.* at *5.

In 2018, Plaintiff filed another action, *Edwards v. The Hillman Group, Company et al.*, Civ. No. 18-11955 (hereinafter *Edwards II*), against all of the Defendants in the present case with the exception of Defendant Hon. Noel L. Hillman ("Judge Hillman"). (Civ. No. 18-11955, ECF No. 1.) In *Edwards II*, Plaintiff alleged that, while he was an inmate at South Woods State Prison in 2011, his cellmate "touched [him] on the rear end." (*Edwards II* Compl. ¶ 20, Civ. No. 18-11955, ECF No. 1.) Plaintiff reported the incident to a corrections officer, but Plaintiff alleged that neither the corrections officer nor his superiors took actions to protect him. (*Id.* ¶ 23.) After another incident occurred between Plaintiff and his cellmate, Plaintiff's cellmate was removed from the cell, but returned later that day. (*Id.* ¶¶ 31–32, 34.) "At some point, [Plaintiff's cellmate] obtained a combination lock" and used it to "hit [Plaintiff] three or four times," breaking Plaintiff's jaw. (*Id.* ¶¶ 38–39, 42.) Plaintiff's cellmate later sexually assaulted him. (*Id.* ¶ 44.) Plaintiff purportedly underwent reconstructive surgery. (*Id.* ¶ 47.)

Count 1 in *Edwards II* alleged a violation of the Eighth Amendment by South Woods State Prison and its employees under 42 U.S.C. § 1983. (*Id.* ¶¶ 18–57.) Count 2 alleged a violation of the Eighth Amendment against the supervisors in South Woods State Prison under a "failure to supervise" theory of liability. (*Id.* ¶¶ 58–62.) Plaintiff's claims against Defendant Hillman Group in *Edwards II* included general allegations regarding padlocks:

> USE OF ASSAULT BY COMPANY COMBINATION / LOCKS - ILLEGAL
> WEAPON TO PROVIED [sic] AND GIVE TO ANY CONVICTED
> CRIMINALS WHO HAS SERIOUS CHARGES, FELL [sic] TO COMPLY
> WITH ORDER TO TERMINATE / DEVICE FOR SAFTY [sic] OF ALL.

2

(*Id.* at 4.)[1] Plaintiff seems to assert that the "distributor" of the combination lock should be held responsible for Plaintiff's injuries. (*See id.*)

On December 9, 2019, Judge Hillman dismissed with prejudice Plaintiff's claims against Defendants Commissioner Marcus O. Hicks, Warden Holmes, and Lt. Taylor in *Edwards II* because they were identical to Plaintiff's claims in *Edwards I* and therefore barred under the doctrine of res judicata. *Edwards II*, 2019 WL 6696279, at *2 (D.N.J. Dec. 9, 2019). The Court also dismissed Plaintiff's claims against Defendant Hillman Group without prejudice for "failure to establish subject matter jurisdiction and to state any cognizable claim." *Id.*[2] The Court granted Plaintiff leave to file an amended complaint. *Id.* Plaintiff did not amend the *Edwards II* complaint.

## II.     Present Lawsuit

Plaintiff filed the Complaint in the present case on December 31, 2019. (ECF No. 1.) Counts 1 and 2 of the Complaint, in addition to Plaintiff's claims against Defendant Hillman Group, are copied verbatim from Plaintiff's complaint in *Edwards II*. (*Compare* Compl. at 3, 14–22, *with Edwards II* Compl. at 4, 7–15.)[3] Plaintiff brings additional claims against Defendant Judge Hillman under 18 U.S.C. §§ 241 and 242. (Compl. at 6–8.) Plaintiff alleges that Defendant

---

[1] The page numbers to which the Court refers are the CM/ECF page numbers.

[2] The court noted, "Plaintiff has filed twelve actions in this Court against various defendants arising out of his incarceration and this incident. All those cases have been closed except for this one." *Edwards II*, 2019 WL 6696279, at *1 n.1.

[3] The page numbers to which the Court refers are the CM/ECF page numbers. Plaintiff's Complaint consists of a nine-page document detailing some of Plaintiff's claims, including the claims against Defendants Judge Hillman and the Hillman Group, and an appended copy of the *Edwards II* Complaint. The Court assumes that the appended pages of the *Edwards II* Complaint are part of the Complaint in the present case, even though they appear below Plaintiff's signature, because they are the only pages of the Complaint that reference the Defendants other than Defendants Judge Hillman and the Hillman Group.

Judge Hillman "disrespected" him because of his race, "forc[ed] two men in a cell" knowing that Plaintiff would be raped and assaulted, provided combination locks to a convicted criminal, and uttered discriminatory comments to Plaintiff. (*Id.*) Plaintiff seeks $10 million in damages from each Defendant. (*Id.* at 1.)

On January 16, 2020, Plaintiff submitted returns of service and certified mail return receipts for Defendants Lt. Taylor, Warden Holmes, and Judge Hillman. (ECF No. 3.) On January 29, 2020, Plaintiff submitted a return of service and certified mail return receipt for Defendant Commissioner Hicks. (ECF No. 4.) Plaintiff did not submit a return of service or certified mail return receipt for Defendant Hillman Group.[4] On January 31, 2020, Defendant Hillman Group filed a Motion to Dismiss. (ECF No. 7.)[5]

In a Letter Order issued on April 3, 2020, the Court notified Plaintiff that "[he] ha[d] not yet properly served Defendant Hon. Noel L. Hillman under Rule 4 of the Federal Rules of Civil Procedure." (April Letter Order at 1, ECF No. 11.) The Court directed Plaintiff to "show, in writing within thirty (30) days from the date of entry of this Order, that he properly and timely served Defendant Hon. Noel L. Hillman or otherwise show good cause for failure to effect proper service of process." (*Id.*) On April 21, 2020, Plaintiff filed a certified mail return receipt and return of service to demonstrate that the Summons was mailed to Defendant Judge Hillman's chambers. (Proof of Service at 7–8, ECF No. 12.)[6] On June 4, 2020, the Court filed a second Letter Order notifying Plaintiff that he had not yet properly served Defendants under Rule 4 of the Federal Rules of Civil Procedure. (June Letter Order at 1, ECF No. 14.) The Court directed

---

[4] Plaintiff has not provided proof of service of any other person or entity.

[5] On February 6, 2020, Plaintiff filed a Motion to Appoint Pro Bono Counsel (ECF No. 8), which the Court denied (ECF No. 10).

[6] The page numbers to which the Court refers are the CM/ECF page numbers.

Plaintiff to show "in writing within thirty (30) days . . . that he properly and timely served Defendants, or otherwise show good cause for failure to effect proper service of process." (*Id.*) Plaintiff has not submitted valid proof of service or an explanation for his failure to serve Defendants properly.

## **LEGAL STANDARDS**

### **I.      Serving an Individual**

Service of process is governed by Rule 4 of the Federal Rules of Civil Procedure. An individual may be served in a judicial district of the United States by

>    (1)    following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>    (2)    doing any of the following:
>            (A) delivering a copy of the summons and of the complaint to the individual personally;
>            (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>            (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

### **II.     Serving the United States and its Officers and Employees**

To serve a United States officer or employee sued solely in his or her official capacity, "a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the . . . officer . . . or employee." Fed. R. Civ. P. 4(i)(2). "To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf . . . a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g) [of the

5

Federal Rules of Civil Procedure]." Fed. R. Civ. P. 4(i)(3). To serve the United States, a plaintiff must

- (A) (i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States Attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
- (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
- (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1); *see also Gish v. Att'y Gen. U.S.*, 604 F. App'x 119, 120 (3d Cir. 2015) (detailing the requirements to serve the United States).

### III.   Dismissal for Failure to Serve

Under Rule 4(m) of the Federal Rules of Civil Procedure,

> [i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

### IV.   Motion to Dismiss

A motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court conducts a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 675 (2009)). "Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). The court must accept as true all well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). However, the court may disregard any conclusory legal allegations. *Id.* at 210–11 (quoting *Iqbal*, 556 U.S. at 679). Third, the court must determine whether the facts "plausibly give rise to an entitlement for relief." *Malleus*, 641 F.3d at 563 (quoting *Iqbal*, 556 U.S. at 679); *see also Fowler*, 578 F.3d at 211. A complaint that does not demonstrate more than a "mere possibility of misconduct" must be dismissed. *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679). While courts construe *pro se* pleadings less stringently than formal pleadings drafted by attorneys, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## DISCUSSION

### I.   Defendant Hon. Noel L. Hillman

Plaintiff has not properly served Defendant Judge Hillman. Under Rule 4(i) of the Federal Rules of Civil Procedure, regardless of whether a plaintiff sues a federal officer or employee individually or in his or her official capacity, the plaintiff must also serve the United States. Fed. R. Civ. P. 4(i)(2)–(3). After the Court's April 3, 2020 Letter Order, Plaintiff provided proof that he had mailed the Summons to Defendant Judge Hillman's chambers. (Proof of Service at 7.) However, Plaintiff did not show that he served the United States, nor did he show good cause for failure to effect proper and timely service of process under Rule 4(i). *See Gish*, 604 F. App'x at 121 (citing *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1307 (3d

Cir. 1995)) (reasoning in a case involving failure to serve under Rule 4(i) that "neither half-hearted efforts prior to the deadline nor inadvertence . . . constitutes good cause"). Because Plaintiff has not shown good cause for failure to serve Defendant Judge Hillman, the Court dismisses Plaintiff's allegations against Defendant Judge Hillman under Rule 4(m) of the Federal Rules of Civil Procedure.

## II.     Defendants Commissioner Hicks, Warden Holmes, and Lt. Taylor

Plaintiff has not properly served Defendants Commissioner Hicks, Warden Holmes, or Lt. Taylor. Process servers have not delivered copies of the Summons and Complaint to these Defendants personally, to their usual places of abode, or to their authorized agents. Moreover, Plaintiff has not complied with the New Jersey Court Rules for service of process. Under the New Jersey Court Rules, service by mail within the state is permitted only under specific circumstances. "First, a plaintiff may attempt initial service of process by mail, in which event the service is valid and a default may be entered only if the defendant answers or otherwise appears in the action." *Citibank, N.A. v. Russo*, 759 A.2d 865, 868 (N.J. Super. Ct. App. Div. 2000) (citing N.J. Ct. R. 4:4-4(c)). "If defendant does not answer or appear within 60 days following mailed service, service shall be made as is otherwise prescribed by [Rule 4 of the New Jersey Court Rules]." N.J. Ct. R. 4:4-4(c). Second, service of an individual by registered or certified mail in New Jersey is permitted where "personal service cannot be effected after a reasonable and good faith attempt, which shall be described with specificity in the proof of service." N.J. Ct. R. 4:4-3(a); *see also U.S. Bank Nat'l Ass'n v. Curcio*, 130 A.3d 1269, 1276 (N.J. Super. Ct. App. Div. 2016). Third, parties may serve the State of New Jersey by "registered, certified or ordinary mail." N.J. Ct. R. 4:4-4(a)(7).

None of these circumstances are present in the case at bar. First, Defendants

Commissioner Hicks, Warden Holmes, and Lt. Taylor have not answered the Complaint or otherwise appeared. Second, Plaintiff has not demonstrated that he made a reasonable and good faith attempt to provide personal service. Third, the rule permitting service of the State of New Jersey by mail does not extend to state officers, and, in any event, the rule requires "personal delivery of a copy of the summons and complaint to the Attorney General or to the Attorney General's designee." *Id.* Plaintiff is suing state officers and has not served the Attorney General or the Attorney General's designee. Therefore, Plaintiff has not demonstrated that he was permitted under the New Jersey Court Rules to serve Defendants Commissioner Hicks, Warden Holmes, and Lt. Taylor by mail, nor has he shown good cause for failure to effectuate proper service. Accordingly, the Court dismisses Plaintiff's claims against Defendants Commissioner Hicks, Warden Holmes, and Lt. Taylor under Rule 4(m) of the Federal Rules of Civil Procedure.

## III.   Defendant Hillman Group

In its Motion to Dismiss, Defendant Hillman Group provides three potential theories of dismissal: collateral estoppel, lack of subject-matter jurisdiction, and failure to state a claim. (Def. Hillman Group's Br. at 7–11, ECF No. 7-1.)[7] The Court concludes that Plaintiff has failed to state a cognizable claim—under § 1983 or another cause of action—against Defendant Hillman Group. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a "pleading that states a claim for relief . . . contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff has provided general allegations regarding padlocks, characterized the combination lock that caused his injuries as a weapon,

---

[7] Because Defendant Hillman Group did not seek dismissal based on insufficient service of process in its responsive Rule 12 motion, it waived its ability to do so. *See* Fed. R. Civ. P. 12(h)(1); *McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 194 (3d Cir. 1998).

argued that the "distributor" of the device should be held responsible, and submitted a copy of Defendant Hillman Group's website showing that Defendant Hillman Group sells combination locks. (Compl. at 3, 26.) Plaintiff has not provided a clear statement of his claim against Defendant Hillman Group, nor has he alleged sufficient facts to state a plausible claim for relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Therefore, the Court dismisses Plaintiff's claim against Defendant Hillman Group.

The Court does not grant Plaintiff leave to amend his claims against Defendant Hillman Group. Generally, Third Circuit precedent "supports the notion that in civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007). Plaintiff already filed identical claims against Defendant Hillman Group in *Edwards II*. Plaintiff was granted an opportunity to amend his complaint in that case, *Edwards II*, 2019 WL 6696279, at *2, but chose not to do so. The Court will not grant Plaintiff another opportunity to reallege his claims against Defendant Hillman Group in a separate action.

## CONCLUSION

For the foregoing reasons, Defendant Hillman Group's Motion to Dismiss (ECF No. 7) is granted and the Complaint is dismissed in its entirety. An appropriate Order will follow.

Date: <u>August 12, 2020</u>                             <u>*/s/ Anne E. Thompson*</u>
                                                                                              ANNE E. THOMPSON, U.S.D.J.